IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONNA HOAGLAND,            : Case No.:  05cv0099
            Plaintiff       :
                                 : Judge Jones
            v                :
                                   :
ERIN GROUP ADMINISTRATORS,:
INC., et al.,                        :
            Defendants      :

## MEMORANDUM AND ORDER

June 28, 2005

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court is a Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("the Motion") (doc. 17) filed by Defendants Erin Group Administrators, Inc. ("Erin") and AmeriHealth Administrators ("AmeriHealth") (collectively "Defendants") on April 19, 2005.

## PROCEDURAL HISTORY:

On January 13, 2005, Plaintiff Donna Hoagland ("Plaintiff" or "Hoagland") filed a complaint arising under the provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* in the United States District Court for the Middle District of Pennsylvania with Erin, AmeriHealth, and J.P. Donmoyer, Inc. as named defendants.  (See Rec. Doc. 1).

1

On March 21, 2005, all named defendants in the complaint, Erin, AmeriHealth, and J.P. Donmoyer, Inc. filed a Motion to Dismiss the complaint. (<u>See</u> Rec. Doc. 8).  The Court's April 4, 2005 Order denied the Motion to Dismiss as moot as Plaintiff filed an Amended Complaint on March 30, 2005 naming Erin, AmeriHealth, and Ono Transport Services, Inc. Health and Medical Benefits Plan ("Ono Transport Services, Inc." or "the Plan") as defendants.  (<u>See</u> Rec. Docs. 13-14).

On April 19, 2005, Defendants Erin and AmeriHealth filed the instant Motion which has been briefed by the parties.  The Motion is therefore ripe for disposition.

## <u>FACTUAL BACKGROUND</u>:

In the Amended Complaint, Plaintiff seeks to recover medical benefits under an ERISA self-funded health and welfare plan.  The aforementioned Plan is a group health plan the covers employees of Ono Transport Services, Inc.  (<u>See</u> Am. Compl. at ¶ 4).  Plaintiff alleges that on January 10, 2004, she married Richard Hoagland, who was employed by Defendant Ono Transport Services, Inc. Defendant Erin was the administrator of the Plan on January 10, 2004 and continued to be the plan administrator up to February 1, 2004.  Subsequently, Plaintiff alleges that Defendant AmeriHealth became the plan administrator.  <u>Id.</u> at

¶¶ 5-8.

Plaintiff asserts that on January 2, 2004, she had an office visit with her primary care physician, Dr. Michael Wright ("Dr. Wright"), with complaints of diarrhea.  Dr. Wright diagnosed Plaintiff with diarrhea, likely irritable bowel disease, and ordered a colonoscopy to rule out inflammatory bowel disease.  Id. at ¶¶ 10-11.  On January 29, 2004, Plaintiff was seen at the Muncy Valley Hospital Emergency Room with complaints of diarrhea, abdominal pain, and vomiting.  She was diagnosed with inflammatory bowel disease and admitted to the hospital.  The following day, Plaintiff was transferred to Williamsport Hospital and seen by Judith A. Snell, P.A-C, who concluded that Plaintiff may have inflammatory bowel disease.  Following a February 2, 2004 colonoscopy performed by Dr. John T. Burns ("Dr. Burns") that resulted in a diagnosis of Crohn's disease, as well as several biopsies done to corroborate the diagnosis, Plaintiff applied to Defendant Erin for medical expense benefits under the Plan to pay for her medical treatment. Id. at ¶¶ 12-18.

Defendant Erin denied Plaintiff's application for medical expense benefits for her treatment prior to February 1, 2004, based upon an exclusion in the Plan for treatment of a pre-existing condition within a six month period preceding the claimant's enrollment in the Plan, which Plaintiff appealed.  Plaintiff also applied

to Defendant AmeriHealth for medical expense benefits under the Plan for her

medical treatment on and after February 1, 2004, which AmeriHealth denied based

upon the pre-existing condition exclusion.  Plaintiff's subsequent appeals were

denied by AmeriHealth.  Id. at ¶¶ 19-27.  Plaintiff asserts that she brings this action

to recover medical expense benefits due to her under the Plan.  Id. at ¶ 29.

This Court has jurisdiction over this action pursuant to 29 U.S.C. §

1132(e)(1) and 28 U.S.C. § 1331 because this is an action to recover benefits under

a medical expense benefit plan covered by ERISA and arises under the laws of the

United States.

**STANDARD OF REVIEW:**

In considering a motion to dismiss, a court must accept the veracity of a

plaintiff's allegations.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also

White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d

63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in

considering a motion to dismiss based on a failure to state a claim argument, a

court should "not inquire whether the plaintiffs will ultimately prevail, only

whether they are entitled to offer evidence to support their claims."  Furthermore,

"a complaint should not be dismissed for failure to state a claim unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim

4

which would entitle him to relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957);

<u>see</u> <u>also</u> <u>District Council 47 v. Bradley</u>, 795 F.2d 310 (3d Cir. 1986).

## DISCUSSION:

In the Motion, Defendants Erin and AmeriHealth seek dismissal of Counts I

and II of the Amended Complaint for failure to state a claim upon which relief can

be granted.  Defendants assert that in Counts I and II of the Amended Complaint,

Plaintiff has inappropriately sued Erin and AmeriHealth for benefits allegedly due

under the terms of the Plan as a claim for benefits lies against the Plan as an entity,

and not a third party administrator in making a decision on a claim for benefits.

(<u>See</u> Defs.' Mot. Dismiss Am. Compl. at ¶ 9).  Additionally, Defendants Erin and

AmeriHealth maintain that although Plaintiff also inappropriately seeks a

mandatory injunction against Ono Transport Services, Inc., the Plan has elected to

answer the Amended Complaint since it is a proper party to this case and Plaintiff

is entitled to bring a claim for benefits against the Plan as an entity.  <u>Id.</u> at ¶ 12.

As Defendants submit, ERISA sets forth the persons entitled to bring a claim

for relief and the specific claims that are authorized.  Specifically, ERISA's Civil

Enforcement section states, in pertinent part, as follows:

> (a) Persons empowered to bring a civil action.  A civil action may be
> brought–
>  (1) by a participant or beneficiary...
>   (B) to recover benefits due to him under the terms of his plan, to

> enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan...
>   (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan[.]

29 U.S.C. § 1132(a).  ERISA also provides, in relevant part:

> Any money judgment under this title against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this title.

29 U.S.C. § 1132(d)(2).

First, we will determine whether Defendant Erin is a proper defendant in the case sub judice and second, we will ascertain whether Defendant AmeriHealth is likewise a proper defendant.

### A.      Whether Defendant Erin is a Proper Defendant in this Action.

First, we begin with Plaintiff's Amended Complaint and specifically Count I of the Amended Complaint entitled Plaintiff v. Defendant, Erin Group Administrators, Inc in which Plaintiff alleges that Defendant Erin's determination to deny medical expense benefits for Plaintiff's medical expenses incurred between January 10, 2004 and February 1, 2004 was wrong, arbitrary and capricious, as well as an abuse of discretion.  (See Am. Compl. at 5-6).  Plaintiff states that she "requests this Court to issue a mandatory injunction ordering the Defendant, Erin

6

Group Administrators, Inc., to make a determination approving payment of

medical benefits of Plaintiff's treatment rendered during the time period between

January 10, 2004 and February 1, 2004, under the Plan." Id. at ¶ 33.

After a thorough review of the plain language of the Amended Complaint,

Plaintiff's claim, as well as applicable case law, the Court is in agreement with

Defendants that although Plaintiff has requested a "mandatory injunction," this

request does not change the essential relief requested in the Amended Complaint.

Plaintiff is seeking to recover past due medical benefits, based upon the alleged

wrongful benefits of benefits, specifically for treatment rendered "during the time

period between January 10, 2004 and February 1, 2004, under the plan."  As the

District Court for the Eastern District of Pennsylvania recently stated, the language

of 29 U.S.C. §§ 1132(a)(1)(B) and 1132(d), read together, clearly and

unambiguously provides that the plan is the only entity against whom claims for

benefits under the plan may be brought.  Guiles v. Metropolitan Life Ins. Co., 2002

U.S. Dist. LEXIS 2393 *3 (E.D. Pa. 2002); see also Gelardi v. Pertec Computer

Corp., 761 F.2d 1323, 1324-25 (9th Cir. 1985).  Moreover, a participant or

beneficiary cannot bring an action under § 1132(a)(3) for "other appropriate

equitable relief" when all they are seeking is past due benefits.  See Blahuta-Glover

v. Cyanamid Long Term Disability, 1996 WL 220977 *5 (E.D. Pa.

1996)("Because § 1332(a)(1)(B) provides an adequate remedy, a claim for equitable relief for an alleged simple wrongful denial of benefits cannot be maintained under § 1332(a)(3).").

Accordingly, Defendants' Motion to Dismiss will be granted to the extent that the Court dismisses Count I of the Amended Complaint and Defendant Erin from this action.

### B.   Whether Defendant AmeriHealth is a Proper Defendant in this Action.

In Count II of the Amended Complaint, entitled Plaintiff v. AmeriHealth Administrators, Plaintiff alleges that Defendant AmeriHealth's determination to deny the payment of benefits for Plaintiff's medical expenses incurred on and after February 1, 2004 was wrong, arbitrary and capricious, as well as an abuse of discretion.  (See Am. Compl. at ¶ 35).  Plaintiff states that she "requests this Court to issue a mandatory injunction ordering the Defendant to make a determination approving the Plaintiff for medical expense benefits for all of her medical treatment after February 1, 2004, under the Plan." Id. at ¶ 36.

Defendants again assert that Plaintiff's request for a "mandatory injunction" does not change the essential relief requested in the Amended Complaint, which is the recovery of past due medical benefits.  In addition, Defendants contend that this case does not involve a situation in which a participant or beneficiary is

8

seeking a mandatory injunction that the third party administrator approve some future benefit as the pre-existing condition provision in the Plan Document would not apply to any claim for benefits after January 10, 2005.  (See Rec. Doc. 18, Ex. A; see also 29 U.S.C. § 1181(a)(2)).

While Erin is not a proper Defendant in this action for the reasons cited herein, taking Plaintiff's allegations as true, as we must at this juncture, the Court is not comfortable dismissing AmeriHealth at this early stage in the case as Count II of the Amended Complaint, as well as Plaintiff's brief response in opposition to the Motion, reveal that Plaintiff may be pursuing equitable relief under ERISA as against Defendant AmeriHealth.  See Reinert v. Giorgio Foods, Inc., 1997 U.S. Dist. LEXIS 9090 *15-16 (E.D. Pa. 1997); see also Spain v. AETNA Life Ins. Co., 13 F.3d 310, 312 (9th Cir. 1993)(stating that ERISA allows equitable relief against fiduciaries and nonfiduciaries).  Unlike Count I of the Amended Complaint that sought the payment of medical benefits for treatment rendered during a fixed period of time, between January 10, 2004, and February 1, 2004, Count II of the Amended Complaint is open-ended, in that it seeks a mandatory injunction ordering a determination approving medical expense benefits for treatment that occurred after February 1, 2004.

Defendants' Motion is therefore denied with respect to Defendant

9

AmeriHealth.[1]  Either party reserves the right to raise this issue at a subsequent

point in the litigation if it becomes evident that Plaintiff is not pursuing equitable

relief under ERISA as against Defendant AmeriHealth.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.      Defendants' Motion to Dismiss the Amended Complaint Pursuant to

Fed. R. Civ. P. 12(b)(6) (doc. 17) is granted in part and denied in part

to the following extent:

   a.      Defendants' Motion is granted to the extent that Count I of the

   Amended Complaint is dismissed and Defendant Erin Group

   Administrators, Inc. is dismissed from this action.

   b.      Defendants' Motion is denied in all other respects.

s/ John E. Jones III
John E. Jones III
United States District Judge

---

[1] Although Defendants argue that the pre-existing condition provision in the Plan Document would not apply to any claim for benefits after January 10, 2005 and as such would not apply to a claim for future benefits, the Court need not reach the merits of that issue for the purposes of resolving this Motion.