IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA HOAGLAND, | : Case No.: 05cv0099 |
|  | : |
|     Plaintiff | : |
|  | : Judge Jones |
|     v | : |
|  | : |
| AMERIHEALTH ADMINISTRATORS, ET AL., | : |
|  | : |
|     Defendants | : |

**MEMORANDUM AND ORDER**

March 2, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion to Amend the Judgment to Include the Award of Attorneys' Fees in its favor pursuant to 29 U.S.C. § 1132(g)(1) ("the Motion") (doc. 44) filed by Defendant Ono Transport Services, Inc., Health and Medical Benefits Plan ("Defendant" or "Plan") on January 16, 2006.

For the reasons that follow, Defendant's Motion will be denied.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

On January 13, 2005, Plaintiff Donna Hoagland ("Plaintiff" or "Hoagland") filed a complaint arising under the provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. in the United States District

Court for the Middle District of Pennsylvania with Erin Group Administrators, Inc. ("Erin"), AmeriHealth Administrators ("AmeriHealth"), and J.P. Donmoyer, Inc. ("Donmoyer") as named Defendants. (See Rec. Doc. 1).

On March 21, 2005, all named Defendants in the complaint, Erin, AmeriHealth, and Donmoyer filed a Motion to Dismiss the complaint. (See Rec. Doc. 8). The Court's April 4, 2005 Order denied the Motion to Dismiss as moot as Plaintiff filed an Amended Complaint on March 30, 2005 naming Erin, AmeriHealth, and Ono Transport Services, Inc. Health and Medical Benefits Plan as Defendants. Plaintiff therefore dropped Donmoyer as a Defendant and named Ono Transport Services, Inc. Health and Medical Benefits Plan in its place. (See Rec. Docs. 13-14).

Thereafter, on June 28, 2005, we granted in part and denied in part Defendants' Motion to Dismiss the Amended Complaint. (Rec. Doc. 21). In that Order, we granted Defendants' Motion to the extent that Count I of the Amended Complaint was dismissed and Defendant Erin was dismissed from this action. We denied Defendants' Motion with respect to Defendant AmeriHealth but noted that either party reserves the right to raise this issue at a subsequent point in the litigation if it becomes evident that Plaintiff is not pursuing equitable relief under ERISA as against Defendant AmeriHealth.

The parties subsequently filed cross-motions for summary judgment on the claims pending against AmeriHealth and the Plan. On January 6, 2006, we granted Defendants' Motion for Summary Judgment and denied Plaintiff's Motion for Summary Judgment. (Rec. Doc. 43). We determined that Defendants' decision to deny Plaintiff's claim for benefits pursuant to the Plan's Pre-Existing Condition Exclusion was not arbitrary and capricious as she had been advised prior to the effective date of coverage to have a colonoscopy performed to determine if she was suffering from an inflammatory bowel disease ("IBD") such as Crohn's disease, which was the eventual diagnosis of her medical condition.

On January 16, 2006, Defendant filed the instant Motion seeking attorneys' fees from Plaintiff. The Motion has been fully briefed and is ripe for disposition.

**DISCUSSION:**

In the Motion brought pursuant to 29 U.S.C. § 1132(g)(1), Defendant argues that the Third Circuit Court of Appeal's five factor test to guide district courts in determining whether to award attorneys' fees to the prevailing party reveals that attorneys' fees should be awarded in the case <u>sub judice</u>. Defendant contends that Plaintiff and Plaintiff's counsel acted unreasonably in pursuing this claim based upon their unsupported allegation that Dr. Wright misdiagnosed Plaintiff's condition. "As this Court made clear in its Memorandum of January 6, 2006, there

was no misdiagnosis of Plaintiff's condition. Dr. Wright was very concerned with Plaintiff's condition, and strongly recommended that she have a colonoscopy performed to determine if she was suffering from an inflammatory bowel disease." (Def.'s Mot. Attn. Fees at 5).

In response, Plaintiff asserts that an analysis of the above-referenced factors indicates that attorneys' fees should not be awarded in this case. Plaintiff's counsel argues that he was making a good faith argument to extend the rationale of the McLeod v. Hartford Life and Accident Ins., 372 F.3d 618 (3d Cir. 2004), case to his client's factual scenario. In addition, Plaintiff's counsel maintains that he filed the instant action believing it might cause Defendants to settle the case and that a waiver of the Pre-Existing Condition Exclusion may have occurred if Defendants did not timely file an answer raising such a defense.

We initially note that ERISA contains a fee shifting provision which provides, in pertinent part, that: "In any action under this title . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Accordingly, as accurately submitted by Defendant, a defendant who successfully defends against a claim for benefits has the statutory right to request that the Court award it the attorneys' fees incurred in defending against the unsuccessful claim.

Both parties direct the Court to the Third Circuit Court of Appeals' adoption of a five factor test to be used in guiding a district court's determination of whether an award of attorneys' fees to the prevailing party under 29 U.S.C. § 1132(g)(1) is warranted.  The five factors are as follows:

> (1)   the offending parties' culpability or bad faith;
>
> (2)   the ability of the offending parties to satisfy an award of attorney's fees;
>
> (3)   the deterrent effect of an award of attorneys' fees against the offending parties;
>
> (4)   the benefit conferred on members of the pension plan as a whole; and
>
> (5)   the relative merits of the parties' position.

See Ursic v. Bethlehem Mines, 719 F.2d 670, 673 (3d Cir. 1983).  No single criterion articulated in Ursic is decisive.  They should be considered in balance and relationship to the others.  Vintilla v. United States Steel Corp., 642 F. Supp. 295, 296 (W.D. Pa. 1986).  In addition, an award of attorneys' fees under 29 U.S.C. § 1132(g)(1) "can be assessed against either a party or an attorney."  Loving v. Pirelli Cable Corp., 11 F.Supp.2d 480, 495 (D. Del. 1998), aff'd, 178 F.3d 1279 (3d Cir. 1999); see also Monkelis v. Mobay Chem., 827 F.2d 935, 937 (3d Cir. 1987) (affirming a district court's award of attorneys' fees against plaintiff).  We will

accordingly consider the Ursic factors in this narrative.

The first factor a court must consider is the "offending parties' culpability or bad faith." Loving, 11 F.Supp.2d at 496.  We will consider the first factor and the fifth factor, the relative merits of the parties' positions, in concert as they address related issues.  We initially note that in Loving, the United States District Court for the District of Delaware explained that the first factor does not require an "ulterior motive or sinister purpose" as a "losing party may be culpable [without] having acted with an ulterior motive." Id. (quoting McPherson v. Employees' Pension Plan of America Re-Insurance Co., Inc., 33 F.3d 253, 256 (3d Cir. 1994)).  In addition, culpability "is commonly understood to mean conduct that is 'blameable; censurable; . . . at fault; involving the breach of a legal duty or the commission of a fault . . . Such conduct normally involves more than simple negligence . . . [On the other hand, it] implies that the act or the conduct spoken of is reprehensible or wrong." Loving, 11 F.Supp.2d at 496; see also McPherson, 33 F.3d at 256-57.

After a careful review of the record in this case and applicable caselaw, we cannot ascribe bad faith or culpability to Plaintiff or her counsel and we do not find that the relative merits of the parties' positions favors an award of attorneys' fees, for the reasons that follow.

First, it is uncontested that neither Plaintiff nor her counsel acted in bad faith

because Defendant has never asserted a bad faith argument before the Court.  The issue before us in considering the first factor is therefore whether Plaintiff or her counsel acted in a culpable manner in arguing that Defendants acted in an arbitrary and capricious way in denying Plaintiff's claim for benefits.  Although Defendant asserts that it was clearly "wrong" to falsely accuse Dr. Wright of misdiagnosing Plaintiff's condition and to base an ERISA claim against Defendants on this false accusation, we find this to be a distortion of the facts.  In submissions to the Court at the summary judgment stage, Plaintiff focused upon one argument, specifically that the decision to deny her disability benefits was arbitrary and capricious because she was not treated for Crohn's disease during the six month period before she became member of the Plan.  Rather, Plaintiff contended that she was diagnosed with irritable bowel syndrome ("IBS"), which is completely different from Crohn's disease.  Plaintiff accordingly maintained that a misdiagnosis by Dr. Wright occurred which made the Pre-Existing Condition Exclusion inapplicable to her case.

In our January 6, 2006 Order disposing of the summary judgment motions and closing the case, we determined that no misdiagnosis occurred as Dr. Wright strongly recommended that Plaintiff have a colonoscopy conducted to rule out an IBD because her symptoms provided an "absolute indication" for such diagnostic

test. Although we concluded such, we cannot find at this juncture that Plaintiff's reliance upon McLeod v. Hartford Life and Accident Ins., 372 F.3d 618 (3d Cir. 2004), and Lawson v. Fortis Ins. Co., 301 F.3d 159 (3d Cir. 2002), in support of her position that a misdiagnosis occurred, making the Pre-Existing Condition Exclusion inapplicable, rises to the level of culpability, the breach of a legal duty or the commission of a fault.[1] See Loving, 11 F.Supp.2d at 496; see also McPherson, 33 F.3d at 256-57. Although our January 6, 2006 Order indicated that Plaintiff's reliance upon the McLeod and Lawson cases was misplaced and we proceeded to distinguish them factually, as Defendant likewise does in its submissions, reliance upon such cases in support of her position in no way ascribes culpability to Plaintiff or her counsel pursuant to the first factor or dictates that the relative merits of the parties' positions warrants an award of attorneys' fees under the fifth factor considered in guiding our determination of whether to award attorneys' fees under

---

[1] Although Plaintiff argues that the first factor should not apply to an attorney, but that the Court should instead apply the standard for awarding sanctions under 28 U.S.C. § 1927, which would require a "high showing of actual bad faith," Plaintiff presents us with no support for such an argument and we find it to be contrary to the law in the Third Circuit. See, e.g., Loving, 11 F.Supp.2d 480, aff'd, 178 F.3d 1279 (3d Cir. 1999). The Plan explained in its submissions that it is not claiming Plaintiff's counsel violated Rule 11 or 28 U.S.C. § 1927. In addition, as previously noted, the Plan has not argued that Plaintiff's counsel acted in bad faith or in a vexatious manner. We will accordingly not apply the standard for awarding sanctions under 28 U.S.C. § 1927. Moreover, while we will not award attorneys' fees in this case, Plaintiff's counsel is admonished to make himself aware of the standard for awarding fees in ERISA cases. Failure to do so will undoubtedly place Plaintiff's counsel at risk of absorbing a fee award in future cases, and in particular where a Court is not as charitable in judging his motivations.

29 U.S.C. § 1132(g)(1). We do not find Plaintiff's action to be ill-conceived or that continued litigation was highly speculative. Accordingly, our analysis of the first and fifth <u>Ursic</u> factors reveals that we cannot ascribe bad faith or culpability to Plaintiff or her counsel in this action and we do not find that the relative merits of the parties' positions favors an award of attorneys' fees.[2]

We do note that with regard to the third factor, the deterrent effect of an attorney fees' award against others acting under similar circumstances, we disagree with Defendant's characterization that Plaintiff distorted and mischaracterized the facts to state a claim in the hope that Defendants would pay something to settle the claim. We likewise do not find that Plaintiff's litigation was speculative and duplicative on thinly based grounds. <u>See</u> <u>Monkelis</u>, 827 F.2d at 937 ("The third factor, deterrence, supports an award of fees because we believe that the deterrent effect will be beneficial upon those who contemplate speculative and duplicative litigation on thinly based grounds.").

Regarding the fourth factor, whether or not the party requesting attorneys' fees seeks to benefit all participants or members of the ERISA plan, Defendant

---

[2] While we acknowledge that defense counsel sent a March 22, 2005 letter to Plaintiff's counsel providing a detailed explanation of the reasons they believed justified Plaintiff's voluntary discontinuance of the action, Plaintiff's subsequent telephone conversation with defense counsel revealed that Plaintiff decided to proceed with the matter which Plaintiff's counsel considered to be a "close question."

9

asserts, as does the affidavit of James Kretz, Controller for J.P. Donmoyer, Inc., an affiliate of Ono Transport Services, Inc., that there is a direct benefit to all employees/Plan Participants when the Plan's expenses are reduced or avoided and that the legal expenses incurred by the Plan in this case increased the overall administrative expenses of the Plan.  (Rec. Doc. 45, Ex. G).  "This will require that the employees' or employer's contribution to the Plan be increased.  If the employer's contribution to the Plan is increased, this increases the expenses of the employer, which either results in the reduction of benefits or leaves less money available to provide its employee's with wage increases.  Accordingly, one way or another, the employees bear the consequences of Plaintiff's misguided lawsuit against the Plan and third party administrators."  (Def.'s Mot. Attn. Fees at 6-7).  To be sure, we recognize that an outlay of money by Defendants occurred in this case to defend the suit, as would occur in any, similar ERISA action and we recognize that the Plan asserts that it is a relatively small employee welfare benefit plan; however, we find Defendant's argument in this regard to be somewhat hyperbolic and tenuous.

Accordingly, a careful review of the record, applicable caselaw, and the Ursic factors, reveals that attorneys' fees are not warranted pursuant to 29 U.S.C. § 1132(g)(1).

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendant's Motion to Amend the Judgment to Include the Award of Attorneys' Fees in its favor pursuant to 29 U.S.C. § 1132(g)(1) (doc. 44) is DENIED.

s/ John E. Jones III  
John E. Jones III  
United States District Judge